## CLEVELAND TRUST CO et v ST ANDREWS PARISH et

Ohio Appeals, 9th Dist, Lorain Co

No 698. Decided June 7, 1934

Stevens & Stevens, Elyria, for plaintiffs.
Fauver & Fauver, Elyria, for defendants St. Andrews Parish, etc, et.

Tolles, Hogsett & Ginn, Cleveland, for defendants Trustees of Kenyon College.

Howard R. Butler, City Solicitor, Elyria, for defendant City of Elyria.

Baird & Vandemark, Elyria, for defendant Joseph Rauh, individually.

John G. Roberts, Cleveland, for defendant E. Winton Evans.

**OPINION**

By STEVENS, J.

The cardinal principle governing courts in the construction of wills is the ascertainment of the intention of the testator.

Counsel for defendant Trustees of Kenyon College have extensively exhibited to this court decisions of the courts of states other than Ohio which seem to support their contention; but it is the understanding of the members of this court that, when the Supreme Court of Ohio has spoken upon a particular question, we are bound to adhere to and follow the pronouncement of that court.

In the case of **Holdren v Holdren, 78 Oh St 276,** syllabus 1 provides as follows:

"1. Under the doctrine of acceleration of remainders a devise to A for life, and at his death to B, is to be read as a limitation of a remainder, to take effect in every event which removes the prior estate out of the way; but this doctrine rests upon the presumed intention of the testator and will be applied only when promotive of his intention."

So far as we have been able to ascertain, that rule has not been modified or reversed in this state, and its application in the instant case would require a conclusion that, the life estate having terminated by the election of Mr. Rauh to take according to law, an acceleration of the interests in remainder would occur which would entitle the remaindermen to an immediate right of possession, unless the contents of the will evidenced an apparent intention upon the part of the testatrix to the contrary.

It is contended by counsel for defendant Trustees of Kenyon that certain conditions subsequent attached to the general remainder bequests to individuals under item 9 of the will, indicate an intention on the part of the testatrix to postpone enjoyment of these bequests in remainder until the death of Mr. Rauh. Subparagraphs (a) to (h) of item 9 of the will are cited as being demonstrative of such intention.

All of these subparagraphs deal with remainders subject to conditions subsequent, or, as sometimes designated, alternative substitutional gifts.

We are aware of a diversity of opinion among courts of last resort in the several states on the question of whether such provisions will defeat the acceleration of bequests in remainder, upon the extinction of the prior life estate by means other than the death of the life tenant.

A gift to A. "if he be then living," referring to the time of the death of the life tenant, is not the same as a gift to A. and, if he be dead at the death of the life tenant, then to the issue of his body; in

the former case the remainder is contingent, there being a limitation of the right of A. to take, and in the latter case the remainder is subject to a condition subsequent, constituting it an alternative substitutional gift.

Taking into consideration the growing tendency of modern economic thought against the accumulation of income, and considering the hazards incident to long extended trusteeships, we are inclined to the opinion that the more sound rule is that announced in 5 A.L.R. 461, wherein it is stated:

"The great weight of authority supports the conclusion * * * that the principle of acceleration will be applied, and the result of it will be effective, in cases where there is a substitutional gift in case of the death of a remainderman in the lifetime of the life tenant."

Application of the rule stated, in the construction of the will in the instant case, impels us to the conclusion that the wording thereof does not indicate an apparent intention on the part of the testatrix to postpone, in the event of an electon by the husband to take at law rather than under the will, the enjoyment of the bequests in remainder, until the death of the life tenant, and in the absence of such intention, we are of the opinion that the rule announced in Holdren v Holdren, supra, is conclusive of the question here presented.

It will be noted that Kenyon College is a residuary legatee under the provisions of this will, and it is contended that, but for the election of Mr. Rauh, the residuum would have been much larger than it now is, and hence Kenyon College is a disappointed legatee.

The "disappointment," if any, arose because of the election of the surviving spouse. The Ohio Supreme Court has said, in **Dunlap v McCloud et, 84 Oh St 272**, at page 280:

"Now the widow declined to take under the will and elected to take under the law. **There was no 'disappointment' in that.** She only declined to surrender what the law gave her for what the testator offered her * * *."

And at page 282:
"Doubtless the amount of the residuum of the estate would be reduced by the election of the widow to take under the statute and the payment to her of her distributive share of the personalty; **but that is where the uncompensated loss ultimately should fall,** unless it is otherwise indicated in the will."

We find nothing in the will or the circumstances negativing in any way the presumed intention of the testatrix that distribution should be accelerated in the event of the termination of the life tenant's enjoyment, by his election to take under the law, and, as we construe the will, it plainly expresses the intention of the testatrix to give to her beneficiaries under said trust, vested remainders specific in amount, and only what was left to her residuary legatee; and we discover no evidence of an intention on the part of the testatrix to certainly benefit her residuary legatee in preference to her other beneficiaries, or to have her residuary legatee compensated by way of contribution or otherwise for any loss suffered by it by reason of its being merely a residuary legatee; and under the circumstances here presented, we do not perceive the equity of refusing acceleration and thereby exposing specific and definite bequests to the hazard of loss or depreciation incident to a trusteeship for an indefinite number of years, for the possible benefit of a residuary legatee, which, in any event, was given only what was left.

As we view the record herein, this case is governed by the law as applied to the legatees **Howard Pearson Stevens and Ruth Alma Stevens in Stevens, Exr., v Stevens, 121 Oh St 490.**

It is evident that it was the intention of the testatrix to prefer her beneficiaries to whom she gave specific bequests, in preference to her residuary legatee; and we find no evidence of intention on the part of the testatrix to alter or change said preference in case the amount of her estate was reduced about one-half by the election of her husband to take under the law instead of under the will.

As we understand the Ohio cases which we have cited, the rule is as we have indicated, unless a contrary intention of the testatrix is apparent; and we find no evidence of an intention on the part of the testatrix to have the loss incident to such election fall upon any one other than the residuary legatee.

A decree may be prepared ordering an acceleration of distribution of the remainder interests, and immediate payment thereof.

The provisions of item 4 of the will may

be disposed of as they were by stipulation in the Court of Common Pleas.

Exceptions to defendant Trustees of Kenyon College.

WASHBURN, PJ, and FUNK, J, concur in judgment.